**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SUNITA LAMA-TAMANG,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney
General of the United States,

Respondent.

No. 09-9559
(Petition for Review)

---

**ORDER AND JUDGMENT***

---

Before **TACHA**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

---

Petitioner Sunita Lama-Tamang seeks review of a Board of Immigration

Appeals (BIA) order affirming an immigration judge's (IJ) denial of her

applications for asylum, restriction on removal, and relief under the United

Nations Convention Against Torture (CAT). Ms. Lama-Tamang concedes that her

request for asylum was untimely, but argues that she should have benefitted from

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the statutory exceptions to the standard one-year filing requirement. *See* 8 U.S.C. § 1158(a)(2)(D). We have no jurisdiction over that claim. We similarly lack jurisdiction over Ms. Lama-Tamang's CAT claim, and we therefore dismiss those portions of the petition. Finally, Ms. Lama-Tamang argues that the BIA and the IJ misapplied the nexus requirement to her claim for restriction on removal. Because Ms. Lama-Tamang, however, failed to make the initial showing that she has suffered persecution, it is unnecessary for us to reach the nexus issue. We therefore exercise our jurisdiction under 8 U.S.C. § 1252(a) and deny the balance of the petition.

Ms. Lama-Tamang is a native and citizen of Nepal. She arrived in the United States on a non-immigrant visa on April 27, 2004. She overstayed her visa, conceded removability, and eventually applied for asylum, restriction on removal, and CAT protection. The IJ's denial of her applications was affirmed by the BIA. This appeal followed.

Where, as here, "a single member of the BIA issues a brief order affirming an IJ's decision, this court reviews both the decision of the BIA and any parts of the IJ's decision relied on by the BIA in reaching its conclusion." *Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009). We review the BIA's legal determinations de novo and its findings of fact under a substantial-evidence standard. *Id*. The latter standard is very deferential: "factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to

the contrary." *Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009) (internal quotation omitted). And this standard applies not only to historical facts, but to ultimate factual determinations, such as the existence of persecution, upon which an alien's qualification for relief may directly rest. *Id.*

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or a finding that neither changed nor extraordinary circumstances excuse untimeliness under 8 U.S.C. § 1158(a)(2)(D). 8 U.S.C. § 1158(a)(3). Notwithstanding that provision, however, this Court retains jurisdiction to review "constitutional claims [and] questions of law." *Id.* § 1252(a)(2)(D). Here, Ms. Lama-Tamang challenges the IJ's factual determination that she demonstrated no changed or extraordinary circumstances materially affecting her eligibility for asylum, a finding we may not review. *See Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006) (noting that "challenges directed solely at the agency's discretionary and factual determinations [are] outside the scope of judicial review").

Similarly, in her appeal to the BIA, Ms. Lama-Tamang did not make any argument regarding the denial of her CAT claim. She merely mentioned the word "torture" among her statement of issues, which is insufficient to exhaust her administrative remedies on that claim. We therefore lack jurisdiction to review the CAT claim. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1121-22 (10th Cir.

-3-

2007) (explaining that issue exhaustion is jurisdictional, and to exhaust, an alien must present an issue to the BIA or the BIA must actually decide the issue). We thus proceed to review Ms. Lama-Tamang's challenge to the agency's denial of her application for restriction on removal.

Ms. Lama-Tamang's application for restriction on removal is based on her claim that she suffered past persecution in Nepal at the hands of anti-government Maoists who continually approached her, demanding money for their political purposes and threatening her with various evils if she did not pay up. She was forced to move several times to avoid their harassment.

Even accepting all of Ms. Lama-Tamang's testimony as true,[1] we conclude that substantial evidence supports the IJ's determination that she has failed to establish past persecution.

> Generally speaking, an alien may not be removed to a particular country if he or she can establish a clear probability of persecution in that country on the basis of race, religion, nationality, membership in a particular social group, or political opinion. Persecution is the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive, and *requires more than just restrictions or threats to life and liberty*. Such persecution may be inflicted by the government itself, or by a non-governmental group that the government is unwilling or unable to control.

---

[1] The IJ stated that he was "unable to make an explicit credibility finding." Admin. R. at 35. We therefore accept Ms. Lama-Tamang's testimony as true. *Witjaksono v. Holder*, 573 F.3d 968, 977 n.9 (10th Cir. 2009).

*Witjaksono,* 573 F.3d at 976-77 (emphasis added) (citations and quotations omitted). "Threats alone generally do not constitute actual persecution[,]" and Ms. Lama-Tamang has not provided any evidence that the threats led to "overt violence or mistreatment." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003). We therefore cannot conclude that a reasonable adjudicator would be compelled to find that Ms. Lama-Tamang had established past persecution.[2] Because Ms. Lama-Tamang has failed to establish past persecution, it is unnecessary for us to examine whether that theoretical persecution could have been because of her political opinion, one of the protected grounds under 8 U.S.C. § 1231(b)(3)(A).

The petition for review is dismissed in part and denied in part.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

---

[2]     Ms. Lama-Tamang does not argue that it is more likely than not that she would be individually persecuted in the future should she return to Nepal, *see* 8 U.S.C. § 1208.16(b)(2), or that there is a pattern or practice of persecution of a group of people like her, and that her inclusion in such a group makes it more likely than not that her life or freedom would be threatened upon return, *see id.* § 1208.16(b)(2)(ii).